# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEWEY BARNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00907-DDN |
| | ) | |
| D. MARSHAIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. The complaint in this case purports to be brought by ten separate plaintiffs, all of whom were inmates at the Jefferson County Detention Center in Hillsboro, Missouri: Dewey Barnett; Garrette Bellew; Zachary Liest; Klayton Brock; Melvin Grier; Cory Branham; Dustin Seals; Kim Cook; Tyler Carter; and Matt Wilson. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against Sheriff D. Marshaik, Sergeant Unknown Dennis, Corporal Unknown Crew, Jail Administrator Brenda Short, and Jefferson County Detention Staff Crews 1-4. They allege that their rights were violated when they witnessed a "preventable death by suicide while in the custody of the Jefferson County [Detention] Center as pre-trial detainees." Despite apparently being brought jointly, only plaintiff Bellew has signed the complaint and filed a motion for leave to proceed in forma pauperis.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[1] *See, e.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW (E.D. Mo. May 18, 2009). There are several reasons for this. First, the Prison Litigation

---

[1] Rule 20 allows permissive joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs. Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. As such, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id.* (quoting *Swenson v. MacDonald*, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under 28 U.S.C. § 1915(g). That is, so long as one of the prisoners' claims is viable, a strike cannot be imposed, because § 1915(g) requires that an entire action be dismissed to count as a strike. Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. As plaintiff Bellew has signed the complaint and the motion for leave to proceed in forma pauperis,

2

the Court will strike Barnett, Liest, Brock, Grier, Branham, Seals, Cook, Carter, and Wilson from this case and order the Clerk of Court to open new cases for them. Nothing in this Memorandum and Order should be construed as precluding plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of their cases for trial if that becomes appropriate at a later date. Once plaintiffs Barnett, Liest, Brock, Grier, Branham, Seals, Cook, Carter, and Wilson have been stricken from this case, this matter will proceed with plaintiff Bellew only.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** plaintiffs Dewey Barnett, Zachary Liest, Klayton Brock, Melvin Grier, Cory Branham, Dustin Seals, Kim Cook, Tyler Carter, and Matt Wilson from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Clerk of Court shall open a new prisoner civil rights case for each of the nine stricken plaintiffs: Dewey Barnett, Zachary Liest, Klayton Brock, Melvin Grier, Cory Branham, Dustin Seals, Kim Cook, Tyler Carter, and Matt Wilson.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Memorandum and Order in each new case.

Dated this 14th day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE